IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON L. BROWN,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3199 |
| | : | |
| **PORT AUTHORITY TRANSIT** | : | |
| **CORPORATION,** *et al.*, | : | |
| Defendants. | : | |

<u>MEMORANDUM</u>

Younge, J.                                                                                                          July 31, 2023

## I.     FACTUAL BACKGROUND

Plaintiff Jason L. Brown, a custodial employee, filed this civil action against his employer, the Port Authority Transportation Company (hereinafter, "PATCO")—a wholly-owned subsidiary of the Delaware River Port Authority (hereinafter, "DRPA")—in connection with alleged discrimination by Plaintiff's employer on the basis of Plaintiff's race. (Third Amended Complaint (hereinafter, "TAC"), p. 2, ECF No. 33; Mot. to Dis., p. 6, ECF No. 35.)  Although Plaintiff's claims were not entirely clear, they appeared to relate to Defendants' (1) discrimination on the basis of Plaintiff's race, (2) retaliation against Plaintiff, and (3) creation of a hostile work environment. (TAC, pp. 3-14, ECF No. 33.)  Plaintiff's claims were brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2-3, and Plaintiff sought $800,000 in damages for three claims against PATCO, $600,000 in damages for one claim against DRPA, and $500,000 in damages for one claim against both PATCO and DRPA. (TAC, pp. 1-14, ECF No. 33.)

## II.    PROCEDURAL HISTORY

On July 24, 2023, this Court granted Defendants' motion to dismiss with prejudice—concluding that Plaintiff had been granted ample opportunity to allege grounds for relief, yet Plaintiff's Third Amended Complaint still fell short of the *Twombly/Iqbal* pleading standard. (July

24, 2023 Court Memorandum and Order, ECF Nos. 39 & 40.)  On July 25, 2023, Plaintiff then filed a Motion for Jury Trial (ECF No. 41)—which this Court denied as moot in light of this Court's previous Order (just the day before) dismissing Plaintiff's claims with prejudice, without leave to amend (ECF No. 42).  Currently before this Court is Plaintiff's Motion for Relief Pursuant to 28 U.S.C. §§ 455(a), (b)(4)—wherein Plaintiff alleges that this Court should be disqualified from this matter because Judge John Milton Younge shares the same first name as one of the individuals associated with Defendants. (Pl. Mot. for Relief, p. 1, ECF No. 43.)

### III.  LEGAL STANDARD: DISQUALIFICATION OF JUDGE

Pursuant to federal statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Relatedly, a judge must also disqualify himself when "[h]e knows that he, individually or as a fiduciary…has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).  As the Third Circuit instructs:

> Whenever a judge's impartiality "might reasonably be questioned" in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself. The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.
>
> It is of no consequence that the judge is not actually biased because § 455(a) "concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.'"

*In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (internal citations omitted).

### IV.  DISCUSSION

As previously noted, Plaintiff alleges that "Judge Younge and a party within the defendant party share the same first name, which could have substantially affected the outcome of trial and

2

a decision against the behavior of such party. Because Judge Younge and the director of my workplace environment share the same first name a disqualification is required." (Pl. Mot. for Relief, p. 1, ECF No. 43.)  This Court disagrees.  In line with the Third Circuit's test for recusal, there is no indication that "a reasonable person, with knowledge of all the facts, would conclude that this Court's impartiality might be reasonably questioned" merely because a judge shares the same first name as an individual or employee associated with a party to the litigation.  Were this to be the case and with such a common name as "John," this Court would be disqualified from hearing essentially any case where a party's employee might share a name with the judge assigned to the case.  Additionally, there is no reason to believe that the public's confidence in the judiciary would be irreparably harmed simply because the judge and a party in a given case happen to share the same first name.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief is hereby denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                                **BY THE COURT:**

                                                _/s/ John Milton Younge_
                                                **JUDGE JOHN MILTON YOUNGE**