IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3199 |
| | : | |
| PORT AUTHORITY TRANSIT | : | |
| CORPORATION, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

Younge, J.                                                                                                                      August 2, 2023

### I.    FACTUAL BACKGROUND

Plaintiff Jason L. Brown, a custodial employee, filed this civil action against his employer, the Port Authority Transportation Company (hereinafter, "PATCO")—a wholly-owned subsidiary of the Delaware River Port Authority (hereinafter, "DRPA")—in connection with alleged discrimination by Plaintiff's employer on the basis of Plaintiff's race. (Third Amended Complaint (hereinafter, "TAC"), p. 2, ECF No. 33; Mot. to Dis., p. 6, ECF No. 35.) Although Plaintiff's claims were not entirely clear, they appeared to relate to Defendants' (1) discrimination on the basis of Plaintiff's race, (2) retaliation against Plaintiff, and (3) creation of a hostile work environment. (TAC, pp. 3-14, ECF No. 33.) Plaintiff's claims were brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2-3, and Plaintiff sought $800,000 in damages for three claims against PATCO, $600,000 in damages for one claim against DRPA, and $500,000 in damages for one claim against both PATCO and DRPA. (TAC, pp. 1-14, ECF No. 33.)

### II.    PROCEDURAL HISTORY

On July 24, 2023, this Court granted Defendants' motion to dismiss with prejudice—concluding that Plaintiff had been granted ample opportunity to allege grounds for relief, yet Plaintiff's Third Amended Complaint still fell short of the *Twombly/Iqbal* pleading standard (ECF

Nos. 39 & 40).  On July 25, 2023, Plaintiff filed a Motion for Jury Trial (ECF No. 41)—which this Court denied as moot in light of this Court's previous Order (just the day before) dismissing Plaintiff's claims with prejudice, without leave to amend (ECF No. 42).  On July 28, 2023, Plaintiff then filed a Motion for Relief Pursuant to 28 U.S.C. §§ 455(a), (b)(4)—alleging that Judge John Milton Younge should be disqualified or recused from this case because he shares the same first name as one of the individuals associated with Defendants (ECF No. 43)—which this Court denied because Plaintiff had not satisfied the Third Circuit's test for recusal (ECF Nos. 45 & 46).  Currently before this Court is a subsequent Motion for Judicial Qualification Pursuant to 28 U.S.C. § 455(a) under the same theory proffered in Plaintiff's previous motion—that the sharing of the first name "John" is grounds for recusal or disqualification (ECF No. 47).  Though technically titled as a "Motion for Judicial Disqualification," Plaintiff's motion appears most comparable to a Motion for Reconsideration.  Thus, this Court will review Plaintiff's motion as such.

III.  **LEGAL STANDARD**

As the Third Circuit instructs, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Relatedly, the United States District Court for the Eastern District of Pennsylvania reiterated how "a motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.... It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly.'" *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016).  Finally, the Eastern District noted that "[m]otions for reconsideration should be

granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

## IV. DISCUSSION

Here, Plaintiff has not proffered any change in controlling law, new evidence that was not available to this Court, any clear error of law or fact, or the need to prevent manifest injustice that would warrant reconsideration of its July 31, 2023 Order (ECF No. 46). Instead, Plaintiff doubles down on the same theory that "Judge Younge should not be allowed to participate in such civil action to act impartial to a group of guys who share the same first name. There would be an automatic bias either way because I [Plaintiff] cannot be guaranteed absolute impartiality." (Pl. Mot. for Judicial Disqualification, p. 2, ECF No. 47.) Plaintiff misstates the law. In line with the Third Circuit's test for recusal, *see In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003), there is no indication that "a reasonable person, with knowledge of all the facts, would conclude that this Court's impartiality might be reasonably questioned" merely because a judge shares the same first name as an individual or employee associated with a party to the litigation. Were this to be the case and with such a common name as "John," this Court would be disqualified from hearing essentially any case where a party's employee might share a name with the judge assigned to the case. Additionally, there is no reason to believe that the public's confidence in the judiciary would be irreparably harmed simply because the judge and a party in a given case happen to share the same first name. *See In re Kensington Int'l Ltd.*, 353 F.3d at 220 (emphasizing public confidence in the judiciary as a policy consideration associated with a judge's decision to recuse or disqualify himself).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief is hereby denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                        */s/ John Milton Younge*
                                        **JUDGE JOHN MILTON YOUNGE**